Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile (702) 938-1055

Brandon A. Rotbart, Esq., *pro hac vice pending*
rotbart@rotbartlaw.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOHN MEGGS, Individually,                    :

        Plaintiff,                          :

vs.                                          :          Case No.    2:14-cv-1798

MHD VEGAS REALTY CORPORATION,                :
a Nevada Corporation,

        Defendant.                          :

_____ /:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND RELATED STATE LAW CLAIMS

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MHD VEGAS REALTY CORPORATION, a Nevada Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Nevada Revised Statutes 651.070 et. seq. ("Nevada ADA" or "NADA") and alleges:

1.      Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarete, CA  91010, in the County of Los Angeles.

2.      Defendant's property is Travelodge Las Vegas, located at 2830 Las Vegas Boulevard S., Las Vegas, NV  89109, in the County of Clark.

3.      Venue is properly located in the District of Las Vegas because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5.      Plaintiff JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.  Mr. Meggs relies on a wheelchair for mobility.  JOHN MEGGS has visited the property which form the basis of this lawsuit on numerous occasions and plans to return to the property on March 15, 2015, pursuant to confirmed reservations, if the property is made accessible.  Plaintiff John Meggs has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

6.     Mr. Megg regularly visits Las Vegas to visit his daughter, who resides in Las Vegas, and to gamble.

7.     Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Travelodge Las Vegas, located at 2830 Las Vegas Boulevard S., Las Vegas, NV 89109.

8.     JOHN MEGGS has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  JOHN MEGGS desires to visit Travelodge Las Vegas not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.     The Defendant has discriminated, and is continuing to discriminate, against

the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Travelodge Las Vegas has shown that violations exist. These violations that JOHN MEGGS personally encountered at the hotel include, but are not limited to:

<u>**Parking and Exterior Accessible Route**</u>

a.    Plaintiff, John Meggs as a guest of the hotel was effected by a lack of an accessible route from non-compliant accessible parking space to the hotel entrance, violating Section 502 of the 2010 Accessibility Standards. Accessible parking for the hotel lacks accessibility for those in wheelchairs.

b.    Travelodge fails to provide a safe accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 Accessibility Standards. Mr. Meggs was unable to unload freely and safely from his vehicle to check-in.

c.    The lack of accessible parking provided at Travelodge fails to provide an accessible route to the hotel rooms, violating section 402 of the 2010 Accessibility Standards. The lack of accessible route forces Mr. Meggs travel behind cars and into the street.

d.    The exterior accessible route to enter Travelodge is impeded by slopes at the base of the door behind limits, violating Section 404 of the 2010 Accessibility Standards.

e.    Curb ramps throughout the hotel are a hazard to those in wheelchairs and are not provided in all areas, violating Section 406 of the 2010 Accessibility Standards.

**Access to Goods and Services**

a.    Lowered counters for accessible use at check-in at Travelodge is impeded by goods and are not clear for accessible use, violating Section 904 of the 2010 Accessibility Standards.  Mr. Meggs was impeded by advertisements and signs while checking in.

b.    Travelodge fails to provide desks in the business center with adequate knee clearance, violating Section 306 of the 2010 Accessibility Standards.

c.    Phones and other elements throughout Travelodge are mounted beyond the reach of Mr. Meggs and those in wheelchairs, violating Section 308 of the 2010 Accessibility Standards.

d.    Water fountains are not accessible for those in wheelchairs at Travelodge, violating Section 602 of the 2010 Accessibility Standards.

e.      Entering the pool at the Travelodge is impeded by improper door hardware and a lack of maneuvering space, violating Section 404 of the 2010 Accessibility Standards.

**Hotel Guestrooms**

a.      Mr. Meggs as a hotel guest of Travelodge was unable to shower due to improperly designed non accessible roll-in showers, violating Section 608.2 of the 2010 Accessibility Standards.

b.      Desks in guestrooms fail to provide adequate knee clearance for those in wheelchairs, violating Section 306 of the 2010 Accessibility Standards.

c.      Travelodge provides improper hardware and other essential elements lack accessibility in the guestrooms, violating the 2010 Accessibility Standards.

d.      Restrooms provided in the guestrooms are improperly designed and Mr. Meggs was unable to use the restroom freely and safely, violating Section 601 of the 2010 Accessibility Standards.

11.      The foregoing violations also violate the 1991 Standards for Accessible Design (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

12.      The discriminatory violations described in paragraph 10 are not an exclusive

list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

15.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Travelodge Las Vegas to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals

with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

        c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

        d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

## VIOLATION OF THE NEVADA LAW

## AGAINST DISCRIMINATION - Nevada ADA

### (violation of Nevada Revised Statutes 651.070 et seq.

19.    The Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

20.    The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. §1367.

21.    Defendant withheld, denied, deprived and/or attempted to withhold, deny or

deprive the Plaintiff the rights and privileges secured to him by NRS 651.070, et seq.

22. Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

23. Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

24. Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

25. The Plaintiff suffered injury to his dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, et seq.

b. Injunctive relief against the Defendant including an order to

make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     Award compensatory damages to Plaintiff, JOHN MEGGS.

      d.     An award of attorneys' fees, costs and litigation expenses.

      e.     The Court award such other and further relief as it deems necessary.

Respectfully submitted,

Date: 10/20/2014

Robert P. Spretnak, Esq. - NV Bar No. 5135
Bob@Spretnak.com
THE LAW OFFICES OF ROBERT P. SPRETNAK
Co-Counsel for Plaintiff
8275 S. Eastern Ave., Suite 200
Las Vegas, NV 78123
(702) 454-4900
(702) 938-1055 - Facsimile

-and-
Brandon A. Rotbart, Esq., *pro hac vice pending*
rotbart@rotbartlaw.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199

Attorneys for Plaintiff