UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MEGGS, | Case No. 2:14-CV-1798 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MHD VEGAS REALTY CORPORATION, | |
| Defendant(s). | |

Presently before the court is defendant MHD Realty Corporation's motion for judgment on the pleadings. (Doc. #16). Plaintiff John Meggs filed a response (doc. #18), and defendant filed a reply. (Doc. #25).

**I.   Background**

Plaintiff John Meggs is a paraplegic and uses a wheelchair for mobility. (Doc. #1). He alleges that he has "visited the property which forms the basis of this lawsuit on numerous occasions and plans to return to the property." (*Id.*). The property in question is the Travelodge located at 2830 Las Vegas Blvd S., Las Vegas, NV 89109 and is owned by defendant MHD Vegas Realty Corporation. (*Id.*). Plaintiff's complaint does not state when he visited the property nor whether he requested an ADA compliant room.

Plaintiff alleges that the existing conditions at the Travelodge violate the American with Disabilities Act ("ADA") as well as the ADA Accessibility Guidelines for buildings and facilities ("ADAAG"). *See* 42 USC § 1281; 28 CFR § 36.302; NRS 651.070 et seq. Plaintiff's specific allegations are that the property: (1) does not have accessible parking; (2) does not have a safe, accessible route from the parking lot to the hotel, forcing defendant to travel behind cars in the street; (3) the exterior access is impeded; (4) the ramps are a hazard to those in wheelchairs; (5)

**James C. Mahan**
**U.S. District Judge**

there is not an accessible check-in counter; (6) the desks in the business center do not provide adequate knee clearance; (7) water fountains are not accessible; (8) the pool does not contain maneuvering space or appropriate wheelchair accessible hardware; (9) the showers are not wheelchair accessible; (10) the guestrooms lack adequate knee clearance; and (11) the hotel rooms lack essential accessibility elements, including restrooms. (Doc. #1).

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiff lacks standing to bring this lawsuit.

## II.     Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (*citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States,* 343 F.Supp.2d 949, 952 (D.Nev. 2004).

Under Fed.R.Civ.P. 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Tosco Corp. v. Cmtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so,

the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough,* 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). If the motion is a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1559 (9th Cir.1987). Defendant has not provided any additional evidentiary materials, therefore, the motion will be treated as a facial attack on the allegations of jurisdiction.

**III.     Discussion**

"Though its purpose is sweeping ... and its mandate 'comprehensive' . . . the ADA's reach is not unlimited. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (*citing* U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

To establish standing, a plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [Defendant's] actions, and that the injury can be redressed by a favorable decision." *See Chapman,* 631 F.3d at 946. "The existence of federal standing 'often turns on the nature and source of the claim asserted.'" *Chapman,* 631 F.3d at 947 (*quoting Warth v. Seldin,* 422 U.S. 490, 500 (1975)).

"Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Id.* (Citing *Doran,* 524 F.3d at 1041, n. 4 (stating that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access")). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Chapman,* 631 F.3d at 947 (citing 42 U.S.C. § 12182(a)).

**James C. Mahan**
**U.S. District Judge**

A barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Chapman,* 631 F.3d at 947. "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes discrimination under the ADA." *Id.* (internal quotation marks omitted).

"That discrimination satisfies the 'injury-in-fact' element of *Lujan.*" *Id.* "As [the Ninth Circuit has] held, once a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability." *Id.* (internal quotation marks and citations omitted).

"Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III." *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002). Moreover, "[a]lthough encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman,* 631 F.3d at 948 (*citing Lyons,* 461 U.S. at 111, 103 S.Ct. 1660). "That is, he must establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *Lyons* 461 U.S. at 102, 103 S.Ct. 1660).

Consequently, a plaintiff bringing suit under the ADA may establish standing in one of two ways: (1) demonstrating an intent to return to a noncompliant accommodation; or (2) demonstrating that he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there. *Chapman,* 631 F.3d at 949.

    a.  Intent to return

Defendant first argues that plaintiff lacks standing because he fails to demonstrate intent to visit the Travelodge and encounter the alleged ADA violations again. Isolated, past incidents of ADA violations do not support an inference that a plaintiff faces a real and immediate threat of

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 continued, future violations of the ADA in the absence of injunctive relief. *See Midgett v. Tri–*
2 *Cnty. Met. Trans. Dist. of Or.,* 254 F.3d 846, 850 (9th Cir. 2001).

3 Plaintiff has not demonstrated an intent to return to the Travelodge. Plaintiff's complaint
4 does not provide sufficient facts demonstrating that he, in fact, was a patron at the hotel nor
5 sufficient facts to demonstrate that he will return to the hotel again. (Doc. #1). Plaintiff s complaint
6 states that he "visited" the property "numerous times" in the past. It then provides a laundry list of
7 violations throughout the property. (*Id.*) However, the complaint fails to identify a single date or
8 time that he was a patron and stayed overnight at the hotel. Driving by, or to the property, without
9 staying in a hotel room or facing the allegedly discriminatory amenities, is not sufficient to meet
10 the "case" or "controversy" requirement. *See Parr* v. *L & L Drive-Inn Restaurant,* 96 F.Supp.2d
11 1065, 1079 (D. Haw. 2000) (finding that when a plaintiff has visited a restaurant only once; the
12 lack of a "history of past patronage seems to negate the possibility of future injury at [that]
13 particular location.")

14 Plaintiff attempts to remedy the situation by filing an affidavit in response to defendant's
15 present motion, identifying the date of his prior visit, June 11, 2014, and providing a more detailed
16 accounting of the manner in which the ADA violations allegedly affected his prior stay. (Doc.
17 #18).

18 However, the Ninth Circuit in *Chapman* made clear that the ADA has specific pleading
19 requirements. The court in *Chapman* found that the district court should have dismissed the
20 complaint for lack of standing because the plaintiff did not allege an injury in fact. *Chapman,* 631
21 F.3d at 955. The complaint merely included a list of alleged barriers without identifying which
22 specific barriers Chapman had encountered or how they had affected his specific disability. *Id.*
23 *Chapman* held that, although a defendant may establish standing as to unencountered barriers
24 related to his disability, the list of barriers incorporated into his complaint must do more than
25 "perform a wholesale audit of the defendant's premises." *Id.*

26 While the Ninth Circuit in *Oliver v. Ralphs Grocery Co.* found that dismissal of the
27 complaint was not required because the plaintiff remedied the pleading deficiencies through an
28 affidavit, the court did so in its discretion stating that because "Oliver filed his defective complaint

**James C. Mahan**
**U.S. District Judge**

- 5 -

before we issued our decision in *Chapman,* we see little value in vacating the district court's judgment and remanding this case for dismissal." 654 F.3d 903, 908 (2011).

    *b. Deterred from visiting*

Plaintiff's complaint makes no claim that the violations alleged have deterred him from visiting again. (Doc. #1). "Isolated, past, incidents of ADA violations do not support an inference that a plaintiff faces a real and immediate threat of continued, future violations of the ADA in the absence of injunctive relief " *Luu v. Ramparts, Inc.,* 926 F.Supp.2d 1178 (D. Nev. 2013) *citing Midgett v. Tri-Ctny. Met. Trans. Dist. Of Or.,* 254 F.3d 846 (9th Cir. 2001).

The Ninth Circuit has provided several examples of facts tending to indicate that the plaintiff was deterred from entering the premises. The *Pickern v. Holiday Quality Foods Inc.* court held that the plaintiff was deterred from visiting defendant's store and had standing where the plaintiff had visited the defendant's store "in the past and state[d] that he ha[d] actual knowledge of the barriers to access at that store[,] [and stated that he] prefer[red] to shop at [defendant's property] and that he would shop at the [store] if it were accessible." 293 F.3d 1133, 1137–38 (9th Cir. 2002). *see also Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1079–80 (D. Haw. 2000) (disabled plaintiff established likelihood of future injury by submitting evidence that he would like to visit defendant's restaurant in the future, had patronized other restaurants in the chain, and the restaurant was close to his residence and was on a familiar bus line) (remaining citation omitted)).

Conversely, the plaintiff in *Johnson v. Overlook at Blue Ravine, LLC,* alleged only that defendant's ADA violations deterred him from returning to the property and that he would like to return once the property was ADA-compliant. 2:10–cv–02387, 2012 WL 2993890, at *4 (E.D.Cal. July 20, 2012). Because the plaintiff merely stated that he was deterred from returning and presented no corroborating evidence to support this contention, the court determined that he was not in danger of an "imminent injury," and lacked standing. *Id.* at *4–5.

Plaintiff has not presented evidence that he is deterred from returning to Travelodge because of its ADA non-compliance. Nor does plaintiff state that he has visited the Travelodge at any other time. *See Pickern,* 293 F.3d at 1137–38. Unlike the plaintiffs in *Pickern* and *Parr,*

plaintiff does not demonstrate that he prefers to stay at the Travelodge or that it is the most convenient hotel and casino location for him. *See Pickern,* 293 F.3d at 1137–38; *Parr,* 96 F.Supp.2d at 1079–80. Finally, plaintiff does not demonstrate that the Travelodge has discriminated against him in the past and failed to change its discriminatory practices and/or policies. *See, e.g.*, *Dudley v. Hannaford Bros. Co.,* 146 F.Supp.2d 82, 86 (D. Me. 2001). Rather, like the plaintiff in *Johnson,* in response to the present motion, plaintiff merely alleges that he is aware of the ADA barriers at the Travelodge and "intend[s] to return as a [h]otel guest at the Travelodge once the [h]otel is made fully accessible and the barriers to access are removed." (Doc. #18). *Accord Johnson,* 2012 WL 2993890, at *4. This is not sufficient evidence to demonstrate that plaintiff is in danger of suffering an imminent injury.

As plaintiff has filed no less than fifteen virtually identical ADA cases in this district within the past year and six months, the court expects that he and his counsel are well aware of the pleading standards in the Ninth Circuit. *See Meggs v. Mardi-Gras Inn Ltd et al*, 2:14-cv-00443-JCM-GWF (D. Nev. Mar. 25, 2014); *Meggs v. Las Vegas University Gardens, LLC*, 2:14-cv-01102-GMN-CWH (D. Nev. Jul. 7, 2014); *Meggs v. MRC I Funding Corporation*, 2:14-cv-01192-KJD-GWF (D. Nev. Jul. 21, 2014); *Meggs v. Campus Village LLC*, 2:14-cv-01202-JCM-NJK (D. Nev. Jul. 23, 2014); *Meggs v. Boulevard Ventures*, LLC, 2:14-cv-01535-APG-GWF (D. Nev. Sept. 21, 2014); *Meggs v. Kirkelie Business Parks*, Ltd., VII, 2:14-cv-01536-JAD-CWH (D. Nev. Sept. 21, 2014); *Meggs v. MHD Vegas Realty Corporation*, 2:14-cv-01798-JCM-CWH (D. Nev. Oct. 28, 2014); *Meggs v. Regency Plaza LLC,* 2:14-cv-01799-APG-GWF (D. Nev. Oct. 28, 2014); *Meggs v. University Square Group*, Ltd., 2:14-cv-01800-JAD-VCF (D. Nev. Oct. 28, 2014); *Meggs v. Festival Center, LLC*, 2:14-cv-01919-JCM-PAL (D. Nev. Nov. 17, 2014); *Meggs v. Decatur 3466 LLC*, 2:15-cv-01050-JAD-VCF (D. Nev. June 4, 2015); *Meggs v. Anthony & Joann Fanticola Family Limited Partnership*, 2:15-cv-01051-APG-GWF (D. Nev. June 4, 2015); *Meggs v. Vegas Eastern Star LLC*, 2:15-cv-01052-RCJ-NJK(D. Nev. June 4, 2015); *Meggs v. Marlou Corporation*, 2:15-cv-01299-JAD-NJK (D. Nev. Jul. 7, 2015); *Meggs v. GNLV Corp.*, 2:16-cv-00001-JAD-NJK (D. Nev. Aug. 1, 2015).

Count one of plaintiff's complaint is hereby dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

*c. State law claims*

Both parties agree that this court has supplemental rather than original jurisdiction over the state law claims in count two of plaintiff's complaint. (Docs. ##1, 16) Plaintiff presents no argument regarding why this court should retain jurisdiction over the state law claims once the federal claims are dismissed. (*See* Doc. #18). The court therefore dismisses plaintiff's state law claims without prejudice to their filing in state court. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139, 1143 n. 7 (9th Cir. 2003).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant MHD Vegas Realty Corporation's motion for judgment on the pleadings (doc. #16) is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff John Meggs' motion for an extension of time (doc. #17) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. #27) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to reopen discovery (doc. # 30) is DENIED as moot.

The clerk is instructed to close the case.

DATED March 10, 2016.

                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**